UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSCAR PEREZ-GARCIA,

    Petitioner,

                                   Case No. 2:13-cv-14603

v.                                        HONORABLE STEPHEN J. MURPHY, III

JEFFREY WOODS,

    Respondent.
_____/

**ORDER GRANTING MOTION TO TRANSFER SUCCESSIVE
PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES
COURT OF APPEALS FOR THE SIXTH CIRCUIT** (document no. 16)

Oscar Perez-Garcia ("Petitioner") is confined at the Chippewa Correctional Facility in Kincheloe, Michigan, and he is seeking habeas relief pursuant to 28 U.S.C. § 2254. He challenges his convictions for first-degree murder, Mich. Comp. Laws § 750.316(1)(a), kidnapping, Mich. Comp. Laws § 750.349, first-degree home invasion, Mich. Comp. Laws § 750.110a(2), arson, Mich. Comp. Laws § 750.74(1)(c)(I), and felony-firearm, Mich. Comp. Laws § 750.227b. Before the Court is the Respondent's motion to transfer the petition to the United States Court of Appeals for the Sixth Circuit on the ground that it is a successive petition that requires pre-filing authorization from that court pursuant to 28 U.S.C. § 2244(b)(3)(A). For the following reasons, the Court will grant the motion.

**BACKGROUND**

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner's trial counsel informed Petitioner that counsel would represent Petitioner on his appeal of right and would file a claim of appeal on his behalf. But counsel never filed a claim of appeal with the Michigan Court of Appeals. Thus, Petitioner lost his appeal of right. Petitioner, through appointed appellate counsel, filed a delayed application for leave to

appeal with the Michigan Court of Appeals, which was denied "for lack of merit in the grounds presented." *People v. Perez–Garcia*, No. 275747 (Mich. Ct. App. May 22, 2007); *People v. Perez-Garcia*, 480 Mich. 964 (2007) (Table).

Petitioner subsequently filed a petition for writ of habeas corpus in federal court. His sole claim for relief was that his confession to the police should have been suppressed because he requested, but was denied, counsel by the interrogating officer. The petition was denied on the merits. *See Perez–Garcia v. Berghuis*, No. 09-10839, 2010 WL 3905118 (E.D. Mich. Sept. 30, 2010) (Cleland, J.), *appeal dismissed,* No. 10-2444 (6th Cir. Apr. 26, 2011).

In 2011, the state trial court granted Petitioner's motion to reissue a judgment of sentence pursuant to M.C.R. 6.428 on the ground that counsel's ineffectiveness prevented Petitioner from filing a timely appeal of right. *People v. Perez-Garcia,* No. 05-0048912-01 (Third Jud. Cir. Ct., Crim. Div., Apr. 29, 2011). Petitioner subsequently filed an appeal of right with the Michigan Court of Appeals. His conviction was again affirmed. *People v. Perez-Garcia*, No. 2012 WL 5856909 (Mich. Ct. App. Oct. 30, 2012).

On October 29, 2013, Petitioner filed the instant application for writ of habeas corpus, seeking habeas relief on the grounds that he raised in the state courts on his direct appeal. He also filed a motion to hold the habeas petition in abeyance so that he could return to the state courts to raise claims that had not been exhausted with the state courts. On November 26, 2013, the Court held the petition for writ of habeas corpus in abeyance to permit Petitioner to return to the state courts to exhaust additional claims which had not yet been presented to the state courts.

Following the exhaustion of his state post-conviction motion in the state courts,

Petitioner filed a motion to lift the stay and a motion to amend the petition, which the Court granted on April 19, 2016. Petitioner seeks relief on five separate grounds. His claims all allege that the state trial and appellate courts erred in rejecting the five claims that he raised in his state post-conviction motion for relief from judgment that he attached to his amended petition. One of those five grounds challenges the admissibility of his confession on the ground that it was coerced and involuntary, as well as the fact that it had been obtained after his request for counsel had been denied.[1]

Respondent filed a motion to transfer the petition to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A), on the ground that the Petitioner's current petition is an unauthorized second or successive habeas challenge to his conviction.

## DISCUSSION

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization

---

[1] *See* Am. Pet. 24–74, Mot. Rel. Judg., ECF No. 13.

from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

Petitioner argues that his current habeas petition does not constitute a second or successive habeas petition that requires pre-authorization from the Sixth Circuit because the state trial court judge re-issued the judgment in Petitioner's case in order to reinstate his appeal of right with the Michigan Court of Appeals. In its order holding the petition in abeyance, the Court likewise believed that in light of the new judgment, Petitioner's current habeas petition would not appear to constitute a successive habeas petition that would require pre-filing authorization from the Sixth Circuit. *See* Order 3 n.2, ECF No. 6.

When a habeas petitioner uses his petition solely to reinstate his or her right to direct appeal in the state courts, any subsequent petition that is filed after the petitioner loses on direct appeal in the state courts is not a "second or successive petition" that requires authorization by the Court of Appeals, even if the new petition contains claims that could have been raised in the first petition. *Storey v. Vasbinder*, 657 F. 3d 372, 378 (6th Cir. 2011). "One important limitation on this rule, however, is that the petitioner cannot 'resurrect' claims that the district court 'denied on the merits' in his first petition." *Id.* at 377

(citing *In re Williams,* 444 F.3d 233, 236 (4th Cir. 2006)).

Here, one of the claims raised by Petitioner in his current amended habeas petition alleges that his confession was inadmissible because it was coerced and was obtained after he repeatedly requested the assistance of counsel. But Petitioner previously challenged the admissibility of his confession in his prior denied habeas petition. Thus, Petitioner's inclusion of a claim in his current habeas petition that was previously denied on the merits renders his current petition a second or successive petition for purposes of 28 U.S.C. § 2244(b), even if some of the additional claims would not qualify as second or successive claims. *See Allen v. Colson*, 953 F. Supp. 2d 870, 877 (M.D. Tenn. 2013).

Accordingly, the Court will order the case to be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: October 28, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 28, 2016, by electronic and/or ordinary mail.

        s/David P. Parker
        Case Manager