UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSCAR PEREZ-GARCIA,

        Petitioner,

v.

JEFFREY WOODS,

        Respondent.

                              /

Case No. 2:13-cv-14603

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS,
DENYING THE MOTION FOR TRANSCRIPTS [25],
AND DENYING THE MOTION FOR SUMMARY JUDGMENT [26]**

Oscar Ivann Perez-Garcia, ("Petitioner" or "Perez-Garcia"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Perez-Garcia challenges his convictions for first-degree murder, kidnapping, first-degree home invasion, arson, and possession of a firearm during the commission of a felony. For the reasons set forth below, the Court will deny the petition for writ of habeas corpus.

**BACKGROUND**

After a trial in Wayne County Circuit Court, a jury convicted Perez-Garcia. Petitioner's convictions arose from the March 2005 murder of Julio Perez in Detroit. At the time of his arrest, Perez-Garcia allegedly requested counsel. *Perez-Garcia v. Berghuis*, No. 09-10839, 2010 WL 3905118, at *1–2 (E.D. Mich. Sept. 30, 2010). Perez-Garcia claims he repeated the request when he arrived at the police station. *Id.* Finally, Perez-Garcia avers that he requested counsel during an interrogation by Officer Derryck Thomas. *Id.* Despite these requests, Perez-Garcia signed a waiver consistent with *Miranda v. Arizona*, 384 U.S. 436 (1966), and dictated a lengthy, highly-detailed murder

1

confession. *Id.*[1] At trial, Perez-Garcia repudiated his confession; he claimed that Thomas forced him to sign the confession and that the crimes were committed by a different person. *Id.*

The Michigan Court of Appeals denied Perez-Garcia's delayed application for leave to appeal.[2] *People v. Perez–Garcia*, No. 275747 (Mich. Ct. App. May 22, 2007); *lv. den.* 480 Mich. 964 (2007).

Perez-Garcia subsequently filed a petition for writ of habeas corpus with the federal court. Petitioner's sole claim for relief was that his confession to the police should have been suppressed because the interrogating officer denied his request for counsel. The court denied his petition on the merits. *Perez–Garcia v. Berghuis*, No. 09–10839, 2010 WL 3905118 (E.D. Mich. Sept. 30, 2010); *appeal dism.* No. 10-2444 (6th Cir. Apr. 26, 2011).

In 2011, a state trial court judge granted Perez-Garcia's motion to reissue his judgment of sentence pursuant to Mich. Ct. R. 6.428, on the ground that counsel's ineffectiveness prevented petitioner from filing a timely appeal of right. *People v. Perez-Garcia,* No. 05-004892-01-FC (Third Jud. Cir. Ct., Crim. Div., April 29, 2011).

Perez-Garcia subsequently filed an appeal of right with the Michigan Court of Appeals. That court reaffirmed Petitioner's conviction. *People v. Perez-Garcia*, No. 305086, 2012 WL 5856909 (Mich. Ct. App. October 30, 2012). Petitioner did not seek leave to appeal with the Michigan Supreme Court.

---

[1] The previous case details the events to which Perez-Garcia confessed. *Perez-Garcia v. Berghuis*, No. 09-10839, 2010 WL 3905118, at *1–2 (E.D. Mich. Sept. 30, 2010).
[2] Appointed appellate counsel aided Garcia at that stage of his case.

2

On November 5, 2013, Perez-Garcia filed the pending application for writ of habeas corpus. On November 26, 2013, the Court held the petition for writ of habeas corpus in abeyance to permit Perez-Garcia to return to state court to exhaust additional claims that had not been previously presented. ECF 6.

Perez-Garcia filed a post-conviction motion for relief from judgment, which was denied. *People v. Perez-Garcia*, No. 05-004892-01-FC (Wayne Cty. Cir. Ct., May 16, 2014); *reconsideration den.* No. 05-004892-01-FC (Wayne Cty. Cir. Ct., June 25, 2014). The Michigan appellate courts denied petitioner leave to appeal. *People v. Perez-Garcia*, No. 324619 (Mich. Ct. App. Mar. 12, 2015); *lv. den*. 499 Mich. 855 (2016).

Following the exhaustion of his state post-conviction motion in the state courts, Perez-Garcia filed a motion to lift the stay and a motion to amend the petition, ECF 10 and 12, which the Court granted on April 19, 2016, ECF 14.

Respondent filed a motion to transfer the petition to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A), on the ground that Perez-Garcia's petition was an unauthorized second or successive habeas challenge his conviction. ECF 16. On October 28, 2016, the Court granted Respondent's motion to transfer the petition to the United States Court of Appeals for the Sixth Circuit. ECF 19. The Sixth Circuit ruled that it was unnecessary for Petitioner to obtain authorization to file a successive petition with respect to his new claims, and remanded the matter to the Court for consideration. *In re Perez-Garcia*, No. 16-2526 (6th Cir. Apr. 20, 2017). The Sixth Circuit ruled that petitioner could not raise his confession claim again because he had previously been denied habeas relief on the claim. *Id.*

On August 7, 2017, the Court ordered respondent to file an answer to the petition within ninety days. ECF 22. Respondent filed an answer on October 30, 2017. Petitioner filed a reply to the answer as well as motions for the transcript and for summary judgment, ECF 25 and 26.

Petitioner seeks habeas relief on the following grounds: (1) the state trial court lacked subject matter jurisdiction over petitioner's case because (a) the Wayne County Prosecutor failed to endorse or personally sign the arrest warrant, and (b) the criminal complaint and the information were defective; (2) the trial judge failed to instruct the jurors on the elements of the crimes charged at the beginning of trial; (3) police and prosecutorial misconduct; and (4) petitioner was denied a fair trial because (a) the judge failed to appoint a Spanish-speaking interpreter, and (b) counsel was ineffective for failing to request an interpreter.

## STANDARD OF REVIEW

The Court may grant Perez-Garcia's petition only if the state court's rejection of his claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to a Supreme Court decision on a question of law or if it decides case differently from the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In order to obtain habeas relief in federal court, therefore, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. A court should deny a habeas petitioner relief so long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

## DISCUSSION

I. <u>Motion for Transcripts</u>

Perez-Garcia filed a motion for transcripts and other documents pertaining to the arrest and search warrants in his case. ECF 25.

Habeas petitioners have no right to automatic discovery. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). A district court has discretion to grant discovery to a petitioner in a habeas case upon a fact-specific showing of good cause. *Id.* A federal district court may permit discovery if the specific allegations—if fully developed—could give the district court reason to consider granting federal habeas relief. *See Johnson v. Mitchell,* 585 F.3d 923, 934 (6th Cir. 2009); *see also Lott v. Coyle,* 261 F.3d 594, 602 (6th Cir. 2001). Conclusory allegations are insufficient to warrant discovery. *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).

5

Perez-Garcia was represented by the State Appellate Defender in his appeal of right with the Michigan Court of Appeals.[3] Perez-Garcia is not entitled to the production of the trial transcripts to assist him with his habeas petition because his appellate counsel had access to the trial transcripts in his appeal of right. *See Smith v. United States,* 421 F.2d 1300, 1301 (6th Cir. 1970). Additionally, Perez-Garcia is not entitled to the materials he seeks because petitioner failed to establish that the requested discovery could resolve any factual disputes that could entitle him to relief on his claims. *Williams,* 380 F.3d at 975.

II.   Motion for Summary Judgment

Perez-Garcia filed a motion for summary judgment claiming that the Respondent failed to timely file an answer. ECF 26. That theory fails because the Respondent filed an answer within ninety days of the Court's order.[4] Regardless, the Court cannot grant Perez-Garcia default judgment on his proffered theory. The AEDPA precludes default judgment because state officials failed to file a timely response to the habeas petition. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). Any alleged failure of the State of Michigan to file a timely response does not relieve a habeas petitioner of his or her burden of proving that his or her custody is in violation of United States law. *Id.*

---

[3] *See* Docket Sheet, *People v. Perez-Garcia*, No. 305086 (Mich. Ct. App.). The Court obtained this information from the Michigan Court of Appeals' website, coa.courts.mi.gov/. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. *See, e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n.2 (D. Me. 2003).

[4] 84 days passed between the date of the Court's order and the Respondent's filing of a response.

III. <u>Merits of Petitioner's Claims</u>

A. Perez-Garcia's jurisdiction claim is non-cognizable.

Perez-Garcia first claims that the state court lacked jurisdiction over his case for two reasons. First, the Wayne County Prosecutor's failure to personally sign the arrest warrant rendered it invalid. Second, the criminal complaint and the information filed after the preliminary examination were defective.

Determining whether state law vests jurisdiction on a state court in a criminal case is not a federal court function. *Wills v. Egeler,* 532 F.2d 1058, 1059 (6th Cir. 1976). "[A] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). Petitioner's jurisdictional challenge raises an issue of state law that is not cognizable in federal habeas review. *Cf. Toler v. McGinnis,* 23 F. App'x 259, 266 (6th Cir. 2001) (district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction because the claim relied upon an interpretation of an alleged state law violation).

Even if Perez-Garcia were raising a Fourth Amendment challenge to the validity of the arrest warrant or complaint, his claim would still be non-cognizable. The state's provision of a fully and fair opportunity to litigate an illegal arrest or a search and seizure claim bars federal habeas review of a petitioner's arrest or search by state police. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). A fully and fair opportunity to litigate existed if the state provided a mechanism by which the petitioner could raise the claim, and presentation of the claim was not frustrated

7

by a failure of that mechanism. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he actually raised the claim or even whether the trial court correctly decided the Fourth Amendment claim. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003), *rev'd on other grounds* 606 F.3d 867 (6th Cir. 2010). Indeed, under *Stone*, the correctness of a state court's conclusions regarding a Fourth Amendment claim "is simply irrelevant." *See Brown v. Berghuis,* 638 F. Supp. 2d 795, 812 (E.D. Mich. 2009). "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.'" *Id.* (quoting *Gilmore v. Marks*, 799 F.2d 51, 57 (3d Cir. 1986)).

Perez-Garcia presented his Fourth Amendment claim in a post-conviction motion for relief from judgment before the trial court and the Michigan appellate courts. Petitioner therefore received a full and fair opportunity to raise his Fourth Amendment claim in the state courts and is not entitled to habeas relief. See *Hurick v. Woods*, 672 F. App'x 520, 535 (6th Cir. 2016), *cert. denied*, 138 S. Ct. 96 (2017).

Finally, any defects in the warrant, complaint, or information are harmless in light of the jury's guilty verdict in the case. *See United States v. Mechanik,* 475 U.S. 66, 73 (1986). Perez-Garcia's first claim is without merit.

B. Petitioner is not entitled to relief on his jury instruction claim.

Perez-Garcia next claims that he was denied a fair trial because the judge failed to instruct the jurors on the elements of the offenses at the beginning of trial, as required by Mich. Ct. R. 2.513. Petitioner does not dispute the fact that the judge instructed the

jurors on the elements of all of the offenses at the conclusion of the trial and before jury deliberations.

Petitioner carries the burden of demonstrating that an erroneous instruction was so prejudicial that it so infected the entire trial with prejudice that the resulting conviction violates due process. The instruction is reviewed in context of the entire jury charge. *Jones v. United* States, 527 U.S. 373, 391 (1999). Any ambiguity, inconsistency or deficiency in a jury instruction does not necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009).

Perez-Garcia argues only that the judge was required to instruct the jurors on the elements of the crimes at the beginning and the end of trial. Petitioner failed to show that he was prejudiced by the court's omission—especially considering the court instructed the jury on the elements of the crime at the conclusion of the trial. *See, e.g. Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (habeas petitioner not entitled to habeas relief based on state trial court's decision to instruct jury at beginning of trial, rather than at close of trial; "Petitioner failed to show that he was prejudiced in any way by the trial court's decision to alter the timing of the instructions."). Petitioner is therefore not entitled to habeas relief on his jury instruction claim.

C. Petitioner is not entitled to habeas relief on his prosecutorial or police misconduct claims.

Perez-Garcia claims that he is entitled to habeas relief because of police or prosecutorial misconduct. Perez-Garcia's claim of police misconduct in obtaining his

confession will not be considered by the Court.[5] Perez-Garcia argues that prosecutorial misconduct and other forms of police misconduct denied him a fair trial.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004) (citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). A prosecutor's improper comments violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). In order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 567 U.S. 37, 47 (2012) (quoting *Harrington*, 562 U.S. at 103).

Perez-Garcia first argues that the prosecutor injected matters not in evidence when she characterized the victim's wounds to those of an execution-style murder.

It is improper for a prosecutor during closing arguments to bring to the jury any purported facts that were not introduced into evidence and which are prejudicial; prosecutors must be given leeway to argue reasonable inferences from the evidence. *Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000). The prosecutor's comments were a reasonable inference based on the evidence. The victim was kidnapped, taken to another

---

[5] A federal district court already denied Garcia relief on the claim in his first habeas petition. The Sixth Circuit granted Garcia permission to file a second habeas petition, but expressly denied him permission to raise his confession claim. The Court lacks authority to consider the issue. *See White v. Carter*, 27 F. App'x 312, 313 (6th Cir. 2001).

location, shot in the back of the head and set on fire. The prosecutor reasonably inferred that the murder was execution style.

Perez-Garcia next argues that the prosecutor shifted the burden of proof to Petitioner by arguing that Perez-Garcia fabricated claims that a Mr. Martinez was responsible for the murder. The trial court instructed the jury that Petitioner was presumed innocent and that the prosecutor had the burden of proving Petitioner's guilt beyond a reasonable doubt. The trial court's instruction cured any prejudice arising from the prosecution's comment; the comment did not deprive of Petitioner of a fair trial. *See Scott v. Elo,* 302 F.3d 598, 604 (6th Cir. 2002).

Perez-Garcia next claims that the police coerced several witnesses into making incriminating statements against him.

In a pre-AEDPA case, the Sixth Circuit held that use of another person's coerced testimony may violate a defendant's rights under the Due Process Clause of the Fourteenth Amendment. *See Bradford v. Johnson*, 476 F.2d 66 (6th Cir. 1973). Petitioner, nonetheless, is not entitled to habeas relief on his claim for several reasons.

First, a habeas court may look only to the holdings of the Supreme Court at the time of the state court's decision to evaluate whether the state court's decision was contrary to, or an unreasonable application of, clearly established federal law. *Mitzel v. Tate*, 267 F.3d 524, 530–31 (6th Cir. 2001). At the time of Perez-Garcia's conviction, the Supreme Court had not determined the constitutionality of an admission of a coerced third-party statement against a criminal defendant. *See, e.g., Samuel v. Frank*, 525 F.3d 566, 571 (7th Cir. 2008) (finding that a state court would not be "unreasonable in refusing" to "extend the bar against these use of a defendant's coereced statement to that of a

nondefendant witness"). A Sixth Circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court" and thus "cannot form the basis for habeas relief under [the] AEDPA." *Parker v. Matthews,* 567 U.S. at 48–49. In the absence of any clearly established federal law requiring the suppression of a non-defendant witness's coerced testimony, Petitioner would not be entitled to habeas relief on his claim.

Perez-Garcia finally indicates that the prosecutor failed to supervise the police investigation. Petitioner points to no Supreme Court case imposing a supervisory duty upon the prosecution. Given the dearth of Supreme Court precedent on the issue, the state court's rejection of petitioner's claim was not an unreasonable application of clearly established federal law. *See Wright v. Van Patten,* 552 U.S. 120, 126 (2008).

D. Petition is not entitled to relief on claims related to the absence of an interpreter.

Finally, Perez-Garcia argues that the trial court's failure to appoint a Spanish-speaking interpreter for him and his trial counsel's failure to request one denied him a fair trial. Petitioner is a native of Mexico who arrived in the United States in 1996. He claims that he did not sufficiently understanding English at the time of his trial in 2005. The record belies the notion. Petitioner testified at the exclusionary hearing and at trial. His testimony reveals that he had no trouble understanding the questions and responding coherently in English. *See* ECF 17-4, PgID 353–73; ECF 17-6 PgID 675–713).

Criminal defendants do not possess a constitutional right to an interpreter. In the absence of Supreme Court precedent stating otherwise, the state court decision to not appoint an interpreter does not entitle petitioner to habeas relief. *See Nguyen v. Booker*, 496 F. App'x 502, 506 (6th Cir. 2012).

In any event, the state court found that an interpreter was unnecessary during pre-trial and trial events because Perez-Garcia sufficiently understood and communicated English. Petitioner is thus not entitled to habeas relief on this claim. *See Rodriguez v. Warden*, No. 16-2419, 2017 WL 4677203, at *3 (6th Cir. July 3, 2017), *cert. denied sub nom. Rodriguez v. Klee*, No. 17-6386, 2018 WL 311514 (U.S. Jan. 8, 2018). Moreover, because Petitioner was able to communicate sufficiently in English, trial counsel was not ineffective in failing to request a court-appointed interpreter. *Compare with Gonzalez v. Phillips*, 195 F. Supp. 2d 893, 898–99 (E.D. Mich. 2001) (finding counsel was ineffective for failing to request interpreter where the record showed that the petitioner had an insufficient ability to understand English). Perez-Garcia is not entitled to relief on his claim.

IV. <u>Certificate of Appealability</u>

In order to appeal the Court's decision, Petitioner must obtain a Certificate of Appealability ("COA"). To obtain a COA, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A petitioner satisfies the substantial showing threshold by demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

In applying the above standard, a district court must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). "The district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated above, the Court finds that Perez-Garcia has not made a substantial showing of the denial of a constitutional right with respect to his claims. Because the Court can discern no good faith basis for an appeal, *see Miller-El*, 537 U.S. at 338, any appeal would be frivolous. The Court will therefore deny a certificate of appealability. *See Long v. Stovall,* 450 F. Supp. 2d 746, 755 (E.D. Mich. 2006). The Court will also deny petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *See Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

## ORDER

**WHEREFORE** it is hereby **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion for transcripts [25] and the motion for summary judgment [26] are **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 6, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 6, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager